## E. W. SMITH v. S. & A. JACKSON.

**Executory Contracts—Pleadings—Cross Petitions.**

A transfer of an expectancy by heirs of an estate must be alleged by cross petition, in a suit by the holders of these equities to enforce same as against one of the legatees, it being a contest between equities as to which litigant is entitled to the legal title.

**Same.**

The vendee of the executory contracts after the death of the vendor, does not bcome possessed of the legal title to the lands embraced in the contracts executed by the heirs, but holds a mere equity

**Title Bond—Resulting Trust—Expectancy.**

A father who holds the bonds of his children to convey to him their expectancy to be derived from the estate of their deceased mother, transferred said bonds by assignments to his son. In a suit to enforce the executory contracts, the father, though not being possessed of the legal title to land, and having agreed not to dispose of his equity, with notice to his vendee, the legal title cannot be co-erced at the instance of the heirs so as to defeat the equity of the purchaser of their expectant interest, by a third party. They are deemed, in equity by their bonds, to be the holders of the legal title in trust for their father during his life, and with remainder to their vendee, at his death.

**Multiplicity of Suits—Consolidation of Actions.**

Several suits growing out of and connected with the same subject matter should be consolidated, and settled in one suit.

**Cross-Petition—Answer by Defendants—Waiver of Right to Question its Legal Form.**

An answer as to its merits to a cross-petition, (that sets up a cause of action), by the defendants, without having demurred or moved to dismiss same, is held to be a waiver of any subsequent right to do so. It must be treated as part of the whole suit.

**Vendor and Purchaser—Bona Fide purchaser of an Expectancy.**

The purchaser of an expectancy by a vendee, with knowledge that the interest of the claimants who had sold by executory contract to his vendor, held only a resulting trust, assigned to a third party, to take effect, at the death of his vendor; is held not to be a bona fide purchaser, to defeat the repayment of the amount thus paid for the expectancy of the heirs, by such third party.

APPEAL FROM OWEN CIRCUIT COURT.

June 22, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deceased wife of Simon Jackson inherited from her deceased father a joint interest in a tract of some 400 acres of land; this interest was never set apart to her, but after her death was partitioned to her six children, Mrs. Smith being one of them.

One of these children died intestate after arriving at majority.

Simon Jackson purchased by executory contract the interest of four other of his children in the tract of 96 acres, which had been assigned them, and claimed to have purchased Mrs. Smith's interest by parol.

This suit was brought in the joint names of Simon and Andrew Jackson, setting out said purchase, and that Simon had sold by executory contract all his land, including this 96 acres, to said Andrew Jackson, also for other purposes not necessary to be stated.

Smith and wife answered, denying the parol purchase of her interest; also averring, by Smith, that by the consent and assurance of Simon Jackson, that he would die intestate and neither sell nor devise his land and let them descend to his heirs at law, he had purchased from several of Simon's children and grandchildren their expectancy in his lands, and filed the covenants of said several heirs expectant, and made this a cross petition against both Simon and Andrew Jackson, averring also that Andrew had full notice of these things, notwithstanding which by undue influence, fraud and over-reaching, he had procured a contract from his aged, infirm and incompetent father, by which he was to leave all his lands, and prayed a conveyance of the interest of his vendees, and if he could not get the land, then a judgment against Simon with a lien upon the land for what he had paid, and a judgment of sale, averring that if Andrew got the land the old man would be insolvent. The court on hearing directed a partition to Mrs. Smith of her interest, and dismissed Smith's cross petition without prejudice, deeming the cause of suit as therein set out as improperly litigated by cross petition.

Smith seeks a reversal of this dismissal of his cross petition.

As to the 96 acres assigned to the children as heirs of their deceased mother, Simon Jackson had never become possessed of their legal title, save as to the one who died intestate and of full age, but held a mere equity, the legal title still being in the children; therefore, when he consented that they might sell not only their expectant interest in this but his other land, and they did so sell by executory contract to Smith, he having obtained the memorandum in writing, it is a contest between equities as to which should be entitled to the legal title, and it was not only proper, but essential, for Smith to set up in this litigation his equitable claim.

His petition sets out an equitable cause why the legal title as to this 96 acres should not be adjudged to Andrew as purchased from his father, because, whatever might have been the rights of the parties, had Simon been possessed of the legal title, yet as he was not, and if his vendee had notice of his consent for them who held the legal title to sell, the legal title should not be coerced at their instance so as to defeat the equity of the purchaser of the expectant interest.

As to this tract of land, Simon holds the bonds of his children to convey to him and Smith holds their bonds to convey to him, after Simon's death, and these later bonds being executed subsequent to the bonds to Simon, and by his consent, these children must in equity be deemed as holding the legal title in trust for Simon during his life and remainder to Smith, and the chancellor should have so adjudged, unless Smith should seek to cancel the contract and go for the return of the money with interest.

But as to the other lands, Simon Jackson not having consented to the sale in writing, and Smith's vendors not being possessed with the legal title, the contract cannot be specifically enforced, but the whole case should be litigated and settled in one suit, as the subject matter is so connected and interwoven as to make it highly improper, if not impossible, to separate and adjudicate it in different suits; nor is there anything in Sec. 124 Civ. Code, and its amendments to preclude this, but these together with Sec. 126 indicates the legislative intent to settle all connected matters in one, instead of a multiplicity of suits. But if this were not so, the defendants in the cross-petition answered as to the merits without having demurred, or moved to dismiss it and thereby waived any subsequent right to do so, if it set out a cause

of action.   Simon Jackson should be held responsible for the return of the money to Smith, paid by him to his vendors for their expectancy so far as he does not get the land together with interst thereon, and Andrew Jackson having procured from the old man a sale of all his property, with full knowledge of this liability, should not be regarded as a *bona fide* purchaser without notice and permitted thus to defeat the collection of the claim, but having gone into equity the chancellor should compel him to do equity before he is invested with the legal title.

The dismissal of Smith's cross-petition was erroneous in any view of the subject, and it is, therefore, reversed, with directions for further proceedings as herein indicated.

*Lindsey, for appellant.*

*Scott, for appellee.*